ADAM G. GASNER (SBN 201234)
Law Chambers Building
345 Franklin Street
San Francisco, CA  94102
Telephone:	415-782-6000
Facsimile:	415-782-6011
E-Mail:	adam@gasnerlaw.com

Attorney for Defendant
MARIO GONZALEZ

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>	Plaintiff,<br><br>	v.<br><br>MARIO GONZALEZ,<br><br>	Defendant. | No. 14-0473 EMC<br><br>DEFENDANT'S SENTENCING MEMORANDUM |

**I.	Introduction:**

Mr. Gonzales pleads guilty to Count One, conspiracy to possess marijuana with the intent to distribute, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C).

The parties have entered into a plea agreement pursuant to under FRCrP 11(c)(1)(A) and 11(c)1(C) which provides for a sentence as follows: a term of imprisonment of time served, a term of supervised release of three years, a criminal fine as determined by the court, a $100 special assessment, and a special search condition of supervised release which authorizes a search of his person, residence, office, vehicle, or any property under his control. The Government has agreed to grant Mr. Gonzalez,

in exchange, a dismissal of any open charges pending against the defendant in the captioned indictment at the time of the sentencing.

Mr. Gonzalez has clearly demonstrated acceptance of responsibility and remorse for the offense and is not likely to be a repeat offender.

**II.     Statement of Facts:**

On or about August 1, 2014, Mr. Gonzalez entered an agreement to unload a shipment of roughly 2,000 kilograms of marijuana from a boat on the beach near Ano Nuevo State Park in the Northern District of California. Mr. Gonzalez stipulates that this agreement was made with two or more individuals with the understanding that he would receive payment upon completion.

Agents from the Department of Homeland Security (DHS), specifically, Homeland Security Investigations (HSI), apprehended Mr. Gonzalez and several other suspects at the incident location near Ano Nuevo State Park. Under arrest and in custody at the San Mateo County Jail, Mr. Gonzales was advised of his *Miranda* rights and he invoked his right to counsel.

**IV.     Sentencing:**

With the advent of *U.S. v. Booker* (2005)125 U.S. 738, the Court has the authority to sentence as it sees fit within the statutory framework of 18 U.S.C. § 3553(a). The restoration of this power gives the Court real discretion to fashion a sentence "sufficient but not greater than necessary" to achieve the purpose of sentencing set forth in 18 U.S.C. §3553(a)(2) after consideration of the following:

1. The nature and circumstances of the offense and the history and characteristics of the defendant [§3553(a)(1)];
2. The kinds of sentences available [§3553(a)(3)];
3. The advisory – but non-mandatory – Sentencing Guidelines [§3553(a)(4) and (a)(5)];
4. The need to avoid unwarranted sentencing disparity among defendants with similar records and similar conduct [§3553(a)(6)]; and
5. The need to provide restitution to any victim of the offense [§3553(a)(7)].

In this case, the Court must choose the minimally sufficient sentence to fulfill the purposes of sentencing based on a consideration of all §3553(a) factors. *Kimbrough v. U.S.* (2007) 128 S.Ct.

558.  The defendant urges the court to adopt the parties' plea agreement which imposes the aforementioned terms and special conditions in exchange for a dismissal of any open charges pending against the defendant in the captioned indictment at the time of the sentencing.

Dated:  February 17, 2015

                                              Respectfully submitted,

                                              ADAM G. GASNER
                                              Attorney for Defendant
                                              MARIO GONZALEZ